UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TROY D. STAFFORD | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-206-PLR-HBG |
| | ) | |
| MILLER PETROLEUM, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, Troy D. Stafford, filed this wrongful termination action against his former employer, Defendant, Miller Petroleum, Inc. The matter is before the Court on the parties' cross-motions to dismiss. Miller asserts that Stafford has failed to prosecute this matter by not appearing at two prescheduled depositions; failing to follow the Scheduling Order; not making timely pre-trial disclosures; and was, until recently, without counsel for nearly a year causing this matter to essentially come to a halt. Therefore, Miller moves to dismiss Stafford's Complaint with prejudice.

In response, Stafford contends that his failure to follow the various orders issued by the Court, was caused by his inability to obtain counsel for over a year. Furthermore, because of a recent change in counsel, Stafford now requests dismissal of this matter without prejudice.

1

## I. Factual Background

On May 6, 2011, Stafford filed suit against Miller claiming it breached provisions of an agreement for sale of membership interests in CIE. Stafford was terminated after he allegedly failed to disclose a previous dealing as an officer of CIE, which later caused issues for Miller after its acquisition of CIE. Stafford denies any wrongdoing and asserts that Miller was aware of his prior dealings before the acquisition of CIE.

Since the initial filing against Miller, Stafford has continually missed deadlines related to the Scheduling Order, and has failed to make appearances upon pre-agreed times for the taking of depositions, and generally seems to have hindered progress in this case. This inaction, particularly missing two prescheduled depositions, has caused Miller financial expense, which it alleges totals $9,537.68. Stafford allegedly missed the first deposition due to a hiking injury—an injury Miller asserts has never been proven, despite repeated requests for medical documentation. Furthermore, Stafford failed to appear at a second deposition even though Miller asserts it sent notice by regular mail, certified mail, and by electronic filing with the Court. A week after the date of the deposition, Miller alleges a voicemail was left on counsel's answering machine, in which Stafford indicated he had been under the weather, which is why he failed to open Miller's notice regarding the deposition in time.

On March 7, 2013, this Court granted Stafford's counsel's Motion to Withdraw from the case. The Court's order required Stafford to notify the Court of his intent to proceed with the matter, or a default judgment would be entered against him for failure to prosecute. Stafford indicated to the Court on April 2, 2013, that he would continue *pro se* until legal counsel could be found. However, acting *pro se*, Stafford failed to provide Miller with any notice of pre-trial

disclosures required under both the Federal Rules of Civil Procedure and the Scheduling Order, including failure to file final exhibit or witness lists. Until recently, Stafford was also unable to obtain the services of counsel. The trial date of April 1, 2014 was cancelled, and has yet to be rescheduled pending the disposition of the parties' motions.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, the Court can grant a Motion to Dismiss with prejudice for failure to prosecute a case or comply with court orders. Fed. R. Civ. P. 41(b). The Sixth Circuit has provided a four-prong test to determine whether a case should be dismissed for failure to prosecute. *See United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002). The factors to be considered are (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before the dismissal was ordered. *Id.* at 458. While no one factor is dispositive, dismissal is proper if the record indicates delay. *Id.* Finally, if the Court feels that a matter should be dismissed without prejudice, it may grant a plaintiff's Motion to Dismiss "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(B).

### III. Analysis

Since both parties have moved for dismissal in this case, the Court is presented with two options -- dismiss with or without prejudice. In order to make this determination, the facts of the case must be considered in light of the four-prong test noted in *Reyes*.

The first factor that must be considered is whether Stafford's failure to act is due to willfulness, bad faith, or fault. *Reyes*, 307 F.3d at 458. The burden of showing that failure to comply with the Scheduling Order was due to inability, and not willfulness or bad faith, falls upon Stafford. *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Furthermore, a plaintiff that does not act in bad faith, but "nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim," indicates an intention to allow his case to lapse. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008). Here, Stafford has presented no evidence to the Court showing an inability to comply with the various orders and scheduling requirements in this case. Except for the recent request for a Motion to Dismiss, Stafford has not acted or responded in this case since March of 2013. In the Court's opinion, Stafford has demonstrated willfulness by failing to act, which indicates an intention to allow his case to lapse.

The second factor that must be examined is whether Stafford's inaction prejudiced Miller. *Reyes*, 307 F.3d at 458. A defendant is prejudiced by a plaintiff's conduct where the defendant "wastes time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Here, it is clear that Stafford wasted the time and financial resources of Miller by failing to appear at two prescheduled depositions. Furthermore, without a deposition in this case, it has

been difficult for Miller to anticipate claims, argumentation, or other necessary issues to prepare its own defense. Therefore, the Court finds that Miller was prejudiced by Stafford's dilatory attitude to this case.

The third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal. *Reyes*, 307 F.3d at 458. As the Sixth Circuit has stated, "[a]lthough the district court has the power to dismiss a claim as the first and only sanction, 'routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal.'" *Kovacic v. Tycho Valves & Controls, LP*, 433 Fed. Appx. 376, 382 (6th Cir. 2011) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997). Here, while it was indicated to Stafford in this Court's order on March 7, 2013, that the case would be dismissed with prejudice absent an appearance of new counsel or indications of plaintiff's intentions of proceeding *pro se*, the facts nonetheless fail to weigh strongly in favor of dismissing Stafford's claim with prejudice as Stafford did file a timely notice of his intent to proceed *pro se* once counsel had been removed from the case.

Finally, the fourth factor asks whether less drastic sanctions were imposed or considered before dismissal was ordered. As the Sixth Circuit has noted, it would be an abuse of discretion if a dismissal under Rule 41(b) was issued "mechanically." *Freeland*, 103 F.3d at 1279. In other words, less drastic sanctions must be considered before a dismissal is ordered. The Court has considered other potential sanctions and found them preferable to a dismissal with prejudice. Looking to the history of this case, it is clear that Stafford has failed to follow the rules and orders prescribed by this Court, and Stafford has subsequently caused a loss of time and financial resources to Miller. This kind of behavior is simply unacceptable. The record shows the amount

5

of financial expenditure for Stafford's failure to appear at two separate depositions is in the amount of $9,537.68.

In summary, the Court has weighed the factors required of it under *Reyes*, and finds that while Stafford has shown a lack of due diligence and effort in this matter, those actions do not rise to the level of a dismissal with prejudice at this time. A Court may, as a condition of refiling, however, require a plaintiff to reimburse costs directed by the Court. *See* Fed. R. Civ. P. 41(d); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697 (6th Cir. 1964). Therefore, the court finds that if Stafford refiles this action, he shall reimburse Miller for the expense of the two depositions he failed to attend.

Accordingly, for all of the reasons set out above, Stafford's Motion to Dismiss [R. 23] without prejudice is **GRANTED**, and Miller's Motion to Dismiss [R. 18] with prejudice is **DENIED**. However, because of Stafford's dilatory attitude and failure to comply with the court's scheduling order and defendant's discovery requests, as a prerequisite to refiling, Stafford must first pay Miller the amount of $9,537.68 for costs incurred due to Stafford's failure to cooperate in discovery in this case.

ENTER: _____
UNITED STATES DISTRICT JUDGE